## Guill v. Commonwealth.

(Decided October 4, 1927.)

### Appeal from Grant Circuit Court.

1. Intoxicating Liquors.—In trial for possessing intoxicating liquor, defendant's testimony that he had gone on replevin bonds, and paid portions of fines, of several men charged with drunkenness held inadmissible as not tending to show that he had intoxicating liquor in his possession.

2. Criminal Law.—In trial for possessing intoxicating liquor, admission of defendant's testimony that he had gone on replevin bonds, and paid portion of fines, of several men charged with drunkenness held prejudicial error; case being close one on facts.

A. F. HARRISON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

William Guill appeals from a judgment convicting him of possessing intoxicating liquor, and fixing his punishment at a fine of $100 and 30 days in jail.

According to John Lynn, the prosecuting witness, he was at Dan Morgan's barn in Grant county. Goebel Morgan was with him. Appellant and Jesse Rogers came to the barn in an automobile and inquired if he (Lynn) was there. He went out to the machine and purchased of Rogers one full quart of whisky and one quart not quite full. Rogers and appellant were on the front seat of the machine. The liquor was in a sack to their rear. Rogers could not reach him, so he handed the liquor to appellant and passed it to him. Aside from the liquor purchased, he did not have any liquor in the barn. He was drinking the day he went before the grand jury, but was not drunk. Goebel Morgan testified that he and Lynn were stripping tobacco. When appellant and Rogers arrived, they called for Lynn. Lynn went out and stayed about 15 minutes. As soon as Lynn got back, he called witness out in the driveway and gave him a drink. He had not seen John Lynn with any whisky that morning, and had not smelled any whisky on his breath. On cross-examination, the witness stated that he did not see Lynn when he came into the barn. He did not know whether he had the whisky when he went out of the barn or not.

On the other hand, Jesse Rogers testified that he had been working on Ezra Ruddell's car, and started to try the car out. On his way to Corinth he met Mr. Guill and asked him if he wanted to take a ride. He then tried the car out and went to the foot of the Morgan hill to see if it would pull the hill. On getting down to the barn he called for Lynn. Lynn came out, and he asked Lynn if he had any whisky. Lynn said, "Yes," and he took a couple of drinks. He never saw Mr. Guill take a drink.

He never sold any whisky to Lynn. Appellant testified that he started to Corinth when Rogers came along and asked him if he wanted to ride. Rogers said, ''I have been working on my machine and want to try it out.'' They drove to the barn and called for Lynn. Rogers asked Lynn if he had any booze. Lynn came out with a quart can half full and gave Rogers a drink. Appellant said, ''Let me taste that,'' and took a little bit. He never sold any whisky to Lynn, or received any money for whisky that day. He never had in his hand the quart of whisky that Jesse Rogers handed to him. All the whisky that he had was in the can that Lynn produced. John Lynn took a drink of whisky at the time .

Over his objection, appellant was compelled to testify that he had gone on replevin bonds and had paid a portion of the fines of three or four young men, who were charged with drunkenness. This he did because he knew the parents of the boys.

Appellant was charged with possessing intoxicating liquor. There is no showing that he ever furnished to the boys any of the liquor on which they got drunk. It hardly can be said that the fact that one becomes surety on the replevin bonds of persons charged with drunkenness, or pays their fines, is a circumstance tending to show that the surety himself had intoxicating liquor in his possession. If such were the rule, a father would naturally hesitate, in the circumstances, to go on the bond of his own son for fear of being charged with possessing liquor and of being held responsible for his son's condition. In our opinion, the evidence complained of was clearly inadmissible and should have been excluded from the jury. Inasmuch as the case is a close one on facts, there is no escape from the conclusion that the admission of the evidence was prejudicial error.

No other question is passed on.

Judgment reversed and cause remanded for a new trial consistent with this opinion.